# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| RAY EKOBENA, | )<br>) |
| Petitioner, | ) Criminal Case No. 1:15-cr-180 |
| v. | ) Civil Case No. 1:16-cv-1116<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | )<br>) |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Ray Ekobena's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On August 20, 2015, Petitioner pleaded guilty to seven felonies arising from three separate schemes to steal identities and defraud banks, charities, and individuals. On November 6, 2015, this Court imposed a below-guidelines sentence of 80 months, plus the mandatory 24-month sentence required by U.S.C. § 1028A. The Fourth Circuit affirmed Petitioner's conviction and sentence, holding that he waived in his plea agreement the right to raise various objections to guideline enhancements imposed by this Court.

On August 31, 2016, Petitioner filed the instant § 2255 motion, raising ineffective assistance of counsel claims on the

basis that (1) his attorney allegedly erred in pressing an objection to a 2-level enhancement under U.S.S.G. § 2B1.1.(b)(10); (2) his attorney allegedly erred in challenging the number of victims enhancement under U.S.S.G. § 2B1.1.(b)(9)(A); and (3) his attorney allegedly erred when she did not argue the disparity in sentencing between Petitioner and one of his co-defendants. On January 26, 2017, Petitioner filed a motion to amend his § 2255 Motion to add a fourth claim of ineffective assistance of counsel. In that claim, Petitioner argues that his attorney failed to investigate and properly present mitigating factors under U.S.S.G. § 5k2.0. Having granted Petitioner's motion to amend, the Court addresses Petitioner's fourth claim as well.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving the grounds for relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

To succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that his counsel's performance was objectively unreasonable; and (2) that his counsel's deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). An ineffective assistance of counsel claim will fail if petitioner cannot make the required showing of either deficient performance or sufficient prejudice. Id. at 700.

Objective reasonableness is "simply reasonableness under prevailing professional norms" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable professional judgment. Id. at 689-90; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004). Review of counsel's performance must be comprehensive and not narrowly limited to counsel's failings in determining whether the presumption of adequate assistance has been overcome, and courts should be reluctant to second guess the tactics of trial lawyers. See Strickland, 466 U.S. at 691; Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997). Furthermore, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 669.

Petitioner cannot satisfy his burden on any of his ineffective assistance of counsel claims. Petitioner's first claim is that his counsel failed to sufficiently present supporting facts to his objection to a 2-level enhancement under U.S.S.G. § 2B1.1(b)(10), which applies if "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement," or if "the offense otherwise involved sophisticated means." Petitioner argues that he moved from Minnesota to Washington, D.C., not to relocate a conspiracy, but to return to college at Howard University, and thus, this enhancement was wrongfully imposed.

However, Petitioner's attorney raised this objection, and she presented supporting facts to this objection in her sentencing position memorandum and at Petitioner's sentencing hearing. Moreover, there was ample basis to apply this enhancement. Putting the relocation of the conspiracy to a side, Section 2B1.1(b)(10) still applies because the conspiracy in which Petitioner participated "otherwise involved sophisticated means." For this enhancement to apply, a scheme must involve more than the concealment or complexities inherent in fraud, but a defendant need not utilize the most complex means possible to conceal fraudulent activity. United States v. Adepoju, 756 F.3d 250, 257 (4th Cir. 2014); United States v. Jinwright, 683 F.3d 471, 486 (4th Cir. 2012).

In this case, Petitioner developed a network of recruiters to obtain bank accounts in which to deposit fraudulent checks, employed bank tellers and other insiders to provide him with account information, set up bank accounts under false and stolen identities, incorporated fictitious LLCs using false and stolen identifies, and withdrew cash in amounts just under $3,000 to avoid triggering reporting requirements. These means sufficiently trigger the enhancement under Section 2B1.1(b)(19). As a result, Petitioner cannot show that his counsel committed any objective errors that would have had a reasonable probability of changing the Court's decision on this enhancement.

Petitioner's second claim is that his counsel did not challenge the 10-victim enhancement under Section 2B1.1(b)(9)(A). Specifically, Petitioner argues that because he agreed to pay restitution to nine victim banks who suffered losses due to his conspiracy, the record does not support that there were ten or more victims meriting this enhancement. However, the nine banks were not the only victims of Petitioner's crimes. Petitioner admitted that he stole the identities of numerous individuals and used them to buy cars under their credit. This victimized the individuals whose identities were stolen, as well as the car dealerships whose cars depreciated due to being stolen for months. It was well

within the realm of professional competence for Petitioner's attorney to focus on stronger objections, rather than to fight over which victims suffered what damage. As a result, defense counsel's decision not to challenge the victim's enhancement was reasonable.

Petitioner's third claim is that his counsel erred when she did not argue the disparity in sentencing between him and Stefan Ekobena, Petitioner's younger brother and co-conspirator. However, defense counsel argued that point. Specifically, she maintained that Petitioner was no more culpable than Stefan Ekobena and other conspirators, and she objected to Petitioner receiving a leadership role in the conspiracy. The Court applied the leadership enhancement and imposed a higher sentence on Petitioner because, in part, Petitioner was convicted of seven felonies, compared to his brother's three, and because Petitioner orchestrated two additional plots in which his brother did not participate.

One of those plots involved a scheme to steal over $200,000 from Children's National Medical Center, and the other involved the purchase of luxury vehicles on the credit of identity theft victims. These extra schemes justified the additional 38-month sentence imposed on Petitioner beyond the sentence that his brother received. The Court imposed a leadership enhancement, and a higher sentence, not because of any objective errors

6

committed by defense counsel, but because they were supported by the facts. Thus, Petitioner fails to meet his burden on his third claim of ineffective assistance of counsel.

Petitioner's fourth claim, which is included in Petitioner's Motion to Amend his § 2255 motion, is that his attorney failed to investigate and properly present mitigating factors under U.S.S.G. § 5k2.0. Specifically, Petitioner argues that his counsel did not present different factors to the Court meriting a downward sentencing departure, including that Petitioner has an alcohol problem; that he had strong family and community ties; that he provided for his daughter; that his father was diagnosed with terminal counsel, that he was an honor student and athlete in college, and that 28 people wrote letters to the Court on his behalf.

Petitioner's attorney presented these factors at the sentencing hearing. She told the Court that 28 people who were willing to speak on Petitioner's behalf wrote letters to the Court. She mentioned that Petitioner was a college student at Howard, and she told the Court that Petitioner had an alcohol problem, and thus asked that the Court recommend the residential drug abuse treatment program. She pointed out to the Court that Petitioner's daughter was present at the hearing, and Petitioner himself told the Court that his father had been diagnosed with cancer. As a result, Petitioner fails to show that his counsel

7

in any way failed to investigate or present these mitigating factors, and thus, Petitioner fails to meet his burden on his fourth claim of ineffective assistance of counsel.

For the foregoing reasons, this Court finds that all four of the grounds Petitioner argues for granting his § 2255 motion lack merit. Therefore, Petitioner's motion is DENIED.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 30, 2017